ORDERED.

**Dated:  September 24, 2018**

_Roberta A. Colton_
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: ) | |
| ) | |
| Patricia Elaine Smith-Johnson, ) | Case No.  8:16-bk-02514-RCT |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| ) | |
| PATRICIA E. SMITH-JOHNSON a/k/a ) | |
| PATRICIA E. SMITH-CLARK, ) | |
| ) | Adv. No. 8:17-ap-00821-RCT |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| WEST SHORE VILLAGE MASTER ) | |
| CORPORATION, INC. a/k/a WEST ) | |
| SHORE VILLAGE MASTER ASSOCIATION, ) | |
| RESOURCE PROPERTY MANAGEMENT, ) | |
| INC., RABIN PARKER, P.A., BENNETT L. ) | |
| RABIN, ESQUIRE, MONIQUE E. PARKER, ) | |
| ESQUIRE, AND PETIA TENEV, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM DECISION AND ORDER GRANTING PETIA TENEV'S
AMENDED MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE**

THIS PROCEEDING was considered on September 19, 2018, on, inter alia, Defendant Petia Tenev's amended motion to dismiss the amended complaint (the "Motion") (Doc. 37), and Plaintiff Patricia Elaine Smith-Johnson's response to the Motion (Doc. 42).  After hearing

argument of counsel, the court took the matter under advisement. The court now renders this decision and order.

The issue presented is whether an attorney who files a proof of claim in a bankruptcy case violates state or federal consumer protection laws if certain elements of the claim are disputed as unenforceable by the debtor. Here, Defendant Tenev, an attorney, moves to dismiss the claims asserted against her, which allegedly arise from her filing two proofs of claim in Plaintiff's underlying chapter 13 case.

## Background

Plaintiff Patricia Elaine Smith-Johnson owns two residential condominiums at West Shore Village Two. She has been involved in heated litigation with her condominium association, West Shore Village Master Corporation, Inc. (the "Association"), since October 2013. The litigation started in state court and moved into this court in March 2016, when Plaintiff filed her chapter 13 bankruptcy petition.[1]

Once in bankruptcy, Plaintiff, through her counsel G. Barry Wilkinson, filed an unsecured proof of claim for the Association in the amount of $2,179.31.[2] As contemplated by the chapter 13 plan, Plaintiff also filed a motion to strip the Association's Lien against her properties.[3] After an extensive trial and post-trial memorandum,[4] Plaintiff was not successful. The court entered an order denying her motion to strip the Association's lien on March 17, 2017.[5]

Meanwhile, the Association filed its own secured proof of claim on July 19, 2016, in the amount of $26,665.03.[6] The claim was filed by Defendant Tenev, the Association's bankruptcy

---

[1] Case No. 8:16-bk-02514-RCT (hereafter "MC"), Doc. 1.
[2] MC, Proof of Claim No. 6-1.
[3] MC, Doc. 20.
[4] MC, Docs. 70, 71, and 72.
[5] MC, Doc. 81. No appeal was taken of this order.
[6] MC, Proof of Claim No. 6-2.

counsel.  On November 8, 2016, Ms. Tenev amended the Association's claim to $25,459.10.[7]

Plaintiff objected to both of the Association's claims.[8]  The gist of her objection was that the late fees and interest claimed by the Association were not permitted under the applicable condominium documents and that attorneys' fees were not allowable because the foreclosure complaint was reversed on appeal.[9]

The court set the Plaintiff's objections for trial.[10]  However, at the request of the parties the trial was put on hold while the parties negotiated a resolution of the claim.[11]  Ultimately, Plaintiff and the Association submitted an agreed order allowing the Association a secured claim in the amount of $11,000.[12]  As provided in the order, Ms. Tenev promptly filed an amended proof of claim in the agreed amount of $11,000.[13]

But Plaintiff was not done litigating quite yet.  Just weeks after settling the claim objection, on November 16, 2017, Plaintiff commenced this adversary proceeding, suing the Association and the Association's state court attorneys (the "State Court Attorneys") under state and federal consumer protection laws.  The initial complaint accused the State Court Attorneys of filing the resolved proof of claim in violation of consumer protection laws.[14]  However, as noted by the court in dismissing the initial complaint against the State Court Attorneys, the proofs of claim were not even filed by the State Court Attorneys but rather by the Association's bankruptcy counsel.[15]

So on April 5, 2018, Plaintiff added Ms. Tenev as a party defendant in her amended

---

[7] MC, Proof of Claim No. 6-3.
[8] MC, Docs. 37 and 65.
[9] As noted in prior orders in this adversary proceeding, the foreclosure judgment was reversed on a purely technical basis and not on any substantive grounds.  The state foreclosure court relied on affidavits that were filed late under applicable rules of procedure.  Before the Association could go back to state court on remand, the Debtor filed bankruptcy. (Doc. 20).
[10] MC, Docs. 58 and 80.
[11] MC, Doc. 87.
[12] MC, Doc. 129 (entered Sept. 8, 2017).
[13] MC, Proof of Claim No. 6-4 (filed Sept. 27, 2017).
[14] Doc. 1, ¶¶ 110–111.
[15] Doc. 20, p.7.

complaint ("Amended Complaint").[16]  Now it is Ms. Tenev who is accused of violating state and federal consumer protection law by filing the Association's proofs of claim in Plaintiff's chapter 13 case.  In the "First Cause of Action," Ms. Tenev is alleged to have violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").  In the "Fourth Cause of Action," she is alleged to have violated Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").[17]  The only two factual allegations in the Amended Complaint that pertain to Ms. Tenev relate to her filing Claim No. 6-2 and Claim No. 6-3.[18]  At oral argument, Plaintiff's counsel confirmed that the sole factual allegations against Ms. Tenev are the acts of filing the allegedly unenforceable proofs of claim.

The Amended Complaint has been dismissed with prejudice with respect to the State Court Attorneys.[19]  Ms. Tenev now requests similar relief under Federal Rule of Civil Procedure 12(b)(6)[20] for failure to state a claim.

## Discussion

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court must accept the allegations as true and view the complaint in the light most favorable to the plaintiff.  The allegations, however, must permit the court "to draw the inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

As an initial matter, Ms. Tenev argues that Plaintiff failed to seek leave of court to add a

---

[16] Doc. 23.
[17] Doc. 23 at ¶¶ 119–123 ("First Cause of Action") and ¶¶ 140–153 ("Fourth Cause of Action").
[18] Doc. 23 at ¶¶ 112 and 113.
[19] Doc. 39.
[20] Incorporated into this proceeding by Fed. R. Bankr. P. 7012.

new party. Plaintiff seeks to remedy this procedural defect by *ore tenus* motion to add a new party. The court will grant Plaintiff's *ore tenus* motion simply to address the substance of the Motion.[21]

Regarding the FDCPA claim, Ms. Tenev argues that the claim is barred by the one-year statute of limitations.[22] The latter of the two subject proofs of claim was filed on November 8, 2016, and the Amended Complaint adding Ms. Tenev as a party was not filed until April 5, 2018.

In response, Plaintiff impliedly argues that the Amended Complaint relates back to the initial complaint filed November 16, 2017.[23] An amended complaint can relate back if the events giving rise to the claim were identified in the original complaint and the party was simply misidentified. Relation back is only available, however, if the newly named defendant (a) received sufficient notice of the action as not to be prejudiced in defending it on the merits and (b) knew or had reason to know he was the proper party that would have been sued but for the mistake in identity.[24] But here, even if Ms. Tenev had been named in the initial complaint, the FDCPA claim would have been filed more than one year after Ms. Tenev filed Claim 6-3 so relation back, if applied, still would not save the FDCPA claim.

Plaintiff next argues that the FDCPA claim did not arise until September 8, 2017, when the disputed portions of the proof of claim were resolved as part of the claim objection process. This makes no sense, and Plaintiff offers no legal support for this position. For that matter, the court did not decide the enforceability of the challenged interest and attorneys' fees claimed by the

---

[21] Plaintiff argues that Ms. Tenev's Rule 12(b) motion is untimely, as she has answered the complaint. Even so, Ms. Tenev seeks to dismiss under Rule 12(b)(6) for failure to state a claim and under the rule, that defense in not subject to waiver and may be raised even as late as trial. Fed. R. Civ. P. 12(h). The court therefore rejects Plaintiff's argument for the same reason it grants her *ore tenus* motion and will focus on the merits of the litigation.
[22] *See* 15 U.S.C. § 1692k(d).
[23] Doc. 42, ¶ 5. Plaintiff also argues that the limitation period was tolled by operation of 11 U.S.C. § 108(a); however, the plain language negates this argument as § 108(a) only serves to toll a limitation period that "has not expired *before the date of the filing of the petition*" (emphasis added). Since the claims against Ms. Tenev are based solely on events that occurred post-petition, § 108(a) has no bearing on the matter.
[24] *See* Fed. R. Civ. P. 15(c)(1)(C) (incorporated by Fed. R. Bankr. P. 7015).

Association. Instead, an agreed order was entered presumably based on a consensual resolution of the objection to claims.

The court concludes that the FDCPA claim against Ms. Tenev is barred on grounds of the statute of limitations. Therefore, the First Cause of Action as to her is dismissed, with prejudice.

As to the FCCPA claim, Ms. Tenev argues that Plaintiff fails to state a claim under Florida law for a violation of the FCCPA. Ms. Tenev asserts that in filing a proof of claim in a chapter 13 bankrupcy she is entitled to "litigation immunity." She relies principally on *Kinsey v. MLH Financial Services, Inc.*[25] In *Kinsey*, a consumer protection complaint asserting both FDCPA and FCCPA claims, among others, was dismissed for failure to state a claim. The Eleventh Circuit observed: "In Florida, absolute immunity attaches to any act that occurs during the course of a judicial proceeding so long as the act has some relation to the proceeding."[26] Since *Kinsey*, the district court for the Middle District of Florida has clarified that this so-called "litigation immunity" is limited to claims arising under Florida law.[27] So, although not applicable to Plaintiff's FDCPA claim, Ms. Tenev's claim of immunity provides a basis to dismiss Plaintiff's FCCPA claim under Florida law.[28]

Further, the filing of a proof of claim is an important and intricate part of the proceedings under federal bankruptcy law. A proof of claim must be filed for the creditor to share in the distribution of a bankruptcy estate. But under the Bankruptcy Code,[29] to be a "claim", a claim does not necessarily have to be enforceable.[30] If disputed, claims are litigated as contested matters

---

[25] 509 F. App'x 852 (11th Cir. 2013).
[26] *Id.* at 853–54.
[27] *See Acosta v. James A. Gustino, P.A.*, No. 6:11-cv-1266-Orl-31GJK, 2014 WL 5685540, at *4 (M.D. Fla. June 6, 2014); *Corea v. BAC Home Loans Serv'g LP*, No. 6:11–cv–1197–Orl–22DAB, 2012 WL 1176701, at *12–*13 (M.D. Fla. Apr. 9, 2012) (listing cases).
[28] *See supra* cases cited in note 27.
[29] 11 U.S.C. §§ 101–1532 ("Code" or "Bankruptcy Code").
[30] *See Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411–12 (2017) (rejecting argument that "claim" as defined by the Code means an "enforceable claim").

before the court.[31]  Plaintiff offers no authority for holding an attorney who files a proof of claim in a federal bankruptcy proceeding liable under Florida law for a violation of the state's consumer protection laws.

The Amended Complaint fails to state a claim against Ms. Tenev under the FCCPA because of Florida's litigation privilege and therefore the Fourth Cause of Action as to her is dismissed, with prejudice.

For these reasons, it is **ORDERED**:

1. The Motion (Doc. 37) is granted.

2. The First Cause of Action of the Amended Complaint is DISMISSED as to Ms. Tenev, with prejudice.

3. The Fourth Cause of Action of the Amended Complaint is DISMISSED as to Ms. Tenev, with prejudice.


Attorney Kevin Comer is directed to serve a copy of this Decision and Order on interested parties and file proof of service within 3 days of its entry.

---

[31] *See generally* 11 U.S.C. § 502; Fed. R. Bankr. P. 3007.